IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NOBLE ANTHONY MOORE-EL, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.13-00508-KD-B |
| TOWN OF SUMMERDALE, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Nobel Anthony Moore-EL's Notice of Removal (Doc. 1), Defendant the Town of Summerdale's Motion to Remand and supporting memorandum (Docs. 4, 5), Plaintiff's Response thereto (Doc. 7), and Plaintiff's Motion to Stay and "Remain this proceeding in Federal Court" (Doc. 8). The motions have been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Defendant's Motion to Remand be **GRANTED** and that this case be remanded to the Municipal Court of the Town of Summerdale, Alabama.

I.  **Background**

Plaintiff Noble Anthony Moore-EL, a non-prisoner proceeding *pro se*, commenced this action on October 18, 2013, by filing a notice of removal, pursuant to 28 U.S.C. § 1441. Moore-EL removed his criminal prosecution for Domestic Violence 3rd

degree (Municipality of Summerdale v. Anthony Jermaine Moore, Case Number MC13-0000381) from the Municipal Court of the Town of Summerdale, Alabama. (Doc. 1 at 1-3, 18). Moore-EL lists 28 U.S.C. §§ 1332, 1441, and 1446 as the statutory basis for removal. In support of removal, Moore-EL contends that the prosecutor exhibits a "personal interest in this case" and Judge Robert Stankoski recently retired from and still has connections to Summerdale's law enforcement. (Doc. 1 at 2). In addition, Moore-EL contends that Judge Stankoski is guilty of treason because he "violated [Moore-EL's] Six[th] Amendment Rights and the Brady Rule and Alabama Rules of Criminal Procedure 16.1 & 16.5." (Id.).

On October 23, 2013, the Town of Summerdale filed the instant motion to remand, and asserts that Moore-EL improperly removed this case to federal court. The Town of Summerdale contends that Moore-EL has failed to demonstrate the existence of federal jurisdiction, as the criminal charges against him do not come within the limited circumstances under which a criminal case can be removed to federal court. (Docs. 4, 5).

On October 30, 2013, Plaintiff filed a response to Defendant's motion (Doc. 7) in which he restates the claims outlined in his original notice of removal and urges the Court to maintain jurisdiction over his criminal case for domestic

violence 3rd.[1]

## II. Analysis

### A. Standard of Review

The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that a notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. See Johnson v. Miss., 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood v. Peacock, 384

---

[1] In addition, Plaintiff filed a Motion to Stay and "Remain this Proceeding in Federal Court" in which he asserts that to remand this case would amount to "cruel and unusual punishment." (Doc. 8).

3

U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of *racial equality*." Johnson, 421 U.S. at 219 (emphasis added) (citation internal quotation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. Id. Similarly, assertions that a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). Id. (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." Johnson, 421 U.S. at 219. This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." Id. (citation and internal quotation omitted). Under Section 1443(1),

> the vindication of the defendant's

> federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood, 384 U.S. at 828. Failure to satisfy either prong of the two-pronged test is fatal to removal. Williams v. State of Miss., 608 F.2d 1021, 1022 (5th Cir. 1979)[2]; Provident Funding Associates, LP v. Obande, 414 Fed. App'x 236 (11th Cir. 2011).

**B. Discussion**

Moore-EL has failed to satisfy the two-prong test for § 1443(1). As noted *supra*, in support of removal, Moore-EL contends that the prosecutor has a personal interest in him and that the judge is guilty of treason and connected to law enforcement officials. Moore-EL further contends that his state prosecution violates his rights under the "Six[th] Amendment", "the Brady Rule" and the "Alabama Rules of Criminal Procedure 16.1 & 16.5". Moore-EL's reliance on "rights of general application available to all persons or citizens" is not sufficient to support a valid claim for removal under § 1443(1). Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001).

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Indeed, the constitutional and statutory rights listed by Moore-EL are not specific civil rights couched in terms of racial equality; rather, they are broad constitutional guarantees or state statutory rules of general application. Therefore, none of these rights or rules can serve as the basis for removal under Section 1443(1). See Johnson, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."). Because Moore-EL has not shown that he relies upon a right that arose under federal law providing for specific civil rights stated in terms of racial equality, his criminal case is not removable under § 1443(1)[3].

Moore-EL has likewise failed to satisfy the second prong of the test for removal under Section 1443(1). As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, that the charges are false, or even that the defendant is unable to obtain a fair trial in a particular state court. Alabama v. Conley, 245 F.3d 1292, 1297 (11th Cir. 2001). Rather, the vindication of a defendant's federal rights is left to the state

---

[3] In his response to the Town's motion to remand, Moore-EL makes a passing reference to "racial inequality"; however, that reference falls short of pointing to a right that arose under a federal law providing for specific civil rights stated in terms of racial equality.

courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. Id. Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. See id., 245 F.3d at 1298. In the instant case, there is no basis for finding that Moore-EL is immunized from the criminal charge that the Town of Summerdale has brought against him. Therefore, Moore-EL has failed to satisfy the second prong of the removal test for § 1443(1).

Moore-EL has also failed to demonstrate that this action was properly removable to federal district court under § 1443(2), which provides removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor v. Phillips, 442 Fed. App'x 441, 443 (11th Cir. 2011) (citing City of Greenwood, 384 U.S. at 824. The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the

right to remove only to state officers. City of Greenwood, 384 U.S. at 824. (citations omitted). Moore-EL has not shown that he is a state or federal officer, or working for one. Thus, he could not properly remove the case under § 1443(2).

**III. Conclusion**

Based upon a careful review of the record, the undersigned RECOMMENDS that Defendant's Motion to Remand be **GRANTED**, and that this action be remanded to the Municipal Court of the Town of Summerdale, Alabama.[4]

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

---

[4] Also pending before the Court is Moore-EL's "Motion to Stay and 'Remain this Proceeding in Federal Court'". (Doc. 8). In light of the undersigned's recommendation, this motion is due to be **DENIED**.

by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **31st** day of **October, 2013.**

                                          **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**